IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID E. NICKLAS                                                                                      PLAINTIFF

VS.                                                    CASE NO. 21-5099

KYLE SYLVESTER, Circuit Clerk
Washington County, Arkansas                                                                   DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant's Motion to Dismiss (ECF No. 5) was referred by U.S. District Judge Timothy L. Brooks to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  Plaintiff has responded (ECF No. 7) and the Motion is ripe for decision.  After consideration of the pleadings and governing law, the Court finds Plaintiff's Complaint should be dismissed without prejudice for lack of jurisdiction and for failure to state a claim.

Plaintiff's Complaint is styled as a "Petition for Adleum Order" and alleges that in December 2015, Karen Brannon, one of six heirs to the Cleo A. Nicklas Estate (which was litigated in the Probate Division of the Washington County Circuit Court, 72-PR-15-39), signed a fiduciary deed, granting property located at 2404 Cottonwood Place in Springdale, Arkansas, to Ellison Investments.  Plaintiff says that in 2016, Ellison Investments signed another fiduciary deed, transferring the property to James Adrian and Ellen Clark but that on February 4, 2021, Plaintiff was "ruled as the lawful owner of [the] real property." (ECF No. 1).  Plaintiff alleges a letter was delivered to the Clarks, notifying them of Plaintiff's legal ownership, and that a warning order was subsequently delivered to the address on April 24, 2021 without effect.  Plaintiff alleges he then filed complaints with the Springdale Police Department, the Department of Justice, and the Federal Bureau of

Investigation, requesting the Clarks be arrested or charged with a crime for failing to vacate the property, only to learn that the Clarks were "an NSA operative and an NSA contractor and that no law enforcement agency would interfere with that agency." (ECF No. 1, p.3). Plaintiff says that Defendant "violated the law by accepting and issuing fiduciary deeds" which Congress allegedly "outlawed in 2011" when "allowing" the deeds that transferred the property to Ellison Investments and then to the Clarks. (ECF No. 1, p. 4). Plaintiff also says that Defendant, "by accepting and issuing fiduciary deeds corrupts those records and violates his oath of office." *Id.*

Defendant has moved to dismiss Plaintiff's Complaint, stating that Plaintiff's Complaint fails to contain "a short and plain statement of the grounds for the Court's jurisdiction" as required by Rule 8 of the Federal Rules of Civil Procedure. Defendant also challenges Plaintiff's service of process on Defendant.

## I. STANDARD OF REVIEW

A Complaint fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded, ... to less stringent standards than formal pleadings drafted by lawyers.' " *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (cleaned up).

## II. JURISDICTION

Federal courts are courts of limited jurisdiction. *See, e.g., Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is

involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. *See, e.g., Sw. Bell Tel. Co. v. Connect Commc'ns Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.' " *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) (quoting *Mansfield, C.&L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (alteration in original). If it appears that jurisdiction is lacking, the Court will raise the issue *sua sponte. Dieser v. Continental Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006).

### III.  ANALYSIS

Turning first to diversity jurisdiction, Plaintiff's Complaint has not alleged the necessary requirements for diversity of citizenship. 28 U.S.C. § 1332. The parties must be of diverse citizenship and the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a)(1).  Here, both Plaintiff and Defendant are identified as residents of Washington County, Arkansas, so they are not diverse within the meaning of § 1332.   Had the parties been diverse, Plaintiff's Complaint seeks entry of an "Adleum Order" restoring the property in question to his ownership, and is silent as to the amount in controversy.

Plaintiff must therefore point to some statutory grant of federal question jurisdiction over his case.  Federal district courts are vested with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).  Plaintiff's

Complaint is neither well-pled nor does it contain **any** allegations necessary for this Court's exercise of federal question jurisdiction. To the contrary, Plaintiff's pleading springs entirely from a probate matter that was resolved by the Washington County Circuit Court in 2016, through application of Arkansas law. A basis for federal jurisdiction is not present on the face of Plaintiff's Complaint.

Plaintiff's Complaint solely seeks issuance of an "Adleum Order" to vest ownership of real property located at 2404 Cottonwood Place, Springdale, Arkansas, in Plaintiff's name. Being unfamiliar with Adleum Orders, the Court conducted research on Westlaw and the Internet and was unable to identify any such legal relief. Plaintiff's Complaint references "fiduciary deeds" which are instruments used by a administrator or executor of an estate to convey property; however, Plaintiff's Complaint fails to state a claim for relief with respect to those fiduciary deeds and instead seeks relief not known to exist. Curiously, in Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff contends that an "Adleum Order" is an administrative procedure rather than a lawsuit; that Plaintiff's rights arise under the Arkansas Constitution; that service of process is not required; and that the Federal Rules of Civil Procedure do not apply. (ECF No. 7, p.1). While the Court's jurisdictional analysis is confined to consideration of the four corners of the Complaint, Plaintiff's own arguments are contrary to this Court's exercise of jurisdiction.

Plaintiff's Complaint, viewed in the light most favorable to Plaintiff and giving him the benefit of all inferences (and benefit of the doubt), makes no attempt – inartful or otherwise – to state how this Court properly can exercise jurisdiction pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1332 and the Court cannot proceed further without jurisdiction. Moreover, the Supreme Court has held that federal courts may not entertain claims if they are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, or plainly insubstantial."

*Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974) (cleaned up).  This is precisely the case here. The allegations in Plaintiff's Complaint are nonsensical, and the Court is unable to discern what, if any, causes of action are being asserted, and the relief sought is unavailable.  No cognizable cause of action has been stated by Plaintiff's Complaint.

### IV.  CONCLUSION

For these reasons, the Court recommends that Defendant's Motion to Dismiss (ECF No. 5) be granted and Plaintiff's Complaint dismissed without prejudice as Plaintiff's Complaint fails to invoke this Court's jurisdiction and fails to state claims upon which relief can be granted.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 5th day of October 2021.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE